UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUDGET RENTAL CAR, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-06229-AGT<br><br>**SCREENING ORDER**<br>Re: Dkt. Nos. 1, 4 |

　　　Having granted George Jarvis Austin's application to proceed in forma pauperis, the Court now screens his complaint, pursuant to 28 U.S.C. § 1915(e)(2), and concludes that it is deficient in several respects. The Clerk of the Court is accordingly instructed not to issue summonses or to serve Austin's complaint on the defendants. If Austin fails to file a satisfactory amendment, the undersigned will recommend that a district judge dismiss his case.

　　　　　　　　　　　　　　　　　　* * *

　　　1. Federal courts are required to sua sponte dismiss frivolous in forma pauperis complaints. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Falling under the umbrella of frivolous in this context are complaints with allegations that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Austin's allegations against Budget Rental Car rise to this level.

　　　The complaint relies on news reports in which customers of a different rental-car company alleged that the company mistakenly reported to police that the cars these customers had rented were stolen, which resulted in these customers being stopped by police and arrested. *See* Compl. at 17–18.[1] Austin suggests that something similar happened to him, but his allegations are harder

---

[1] Citations to the complaint are to page numbers appearing at the bottom of each page.

1   to believe.

2   He alleges that he rented cars from Budget, that the cars he rented had been stolen by
3   Budget (not mistakenly reported as stolen), and that the owners of the cars (not the police)
4   observed him driving the cars and engaged in vigilantism—cutting him off at high speeds on the
5   freeway, pointing guns at him, rear-ending him on one occasion, and generally stalking him. *See*
6   Compl. at 12–14.

7   These are highly unusual allegations, in large part because they are based on exceedingly
8   low-probability events: that Budget, a well-known rental-car company, would steal cars and rent
9   them out; that Austin would rent one of these cars and the owner of the car would happen to see
10  him driving it; that the owner, instead of calling the police, would try to take the car back by force;
11  and that all of this would happen multiple times.

12  The allegations get even more incredible. Austin alleges that he eventually "noticed that
13  the people doing the stalking seemed to be getting rewarded with new cars," Compl. at 15,
14  suggesting that the stalkers were part of a syndicate of some sort and were being incentivized to
15  stalk him. He also alleges that on one occasion a stalker stole a car from him, using a tow truck,
16  and then called Austin from *Austin*'s old cell-phone number. *See id.* at 16–17.

17  This narrative is incredible enough to suggest that it is not based on provable facts.
18  Whatever the cause, in consequence the claims against Budget cannot presently move forward.

19  2. Federal courts, in addition to screening for frivolousness, are also required to screen and
20  dismiss in forma pauperis complaints that fail to state a claim on which relief may be granted. *See*
21  28 U.S.C. § 1915(e)(2)(B)(ii). Austin's allegations against the other defendants (Bank of
22  America, Capital One, Mastercard, and Visa), although much less incredible than his allegations
23  against Budget, fail to pass this second screening requirement.

24  He alleges that these financial-company defendants overbilled him, agreed to cancel his
25  credit cards but didn't do so, and violated his privacy rights. Because of this conduct, he asserts
26  that these defendants breached contracts with him; acted negligently; and conspired to commit
27  fraud, to wrongly convert his property, and to engage in tortious interference with existing and
28  prospective contracts. *See* Compl. at 19–21 (allegations); *id.* at 21–98 (legal claims).

More detail is needed to plausibly state a claim for relief against any of these defendants, and especially to state a claim for fraud. *See* Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (explaining that allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation marks omitted). Critically, even for the non-fraud claims, Austin refers only to conduct by the "Financial companies," without explaining what each of these companies did. When defendants are separate corporate entities, and perform separate roles (e.g., banks versus credit-card companies) this form of group pleading is insufficient to state a claim for relief. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[L]umping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)." (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988))).

To be clear, what is needed is not a longer complaint. Austin's complaint, not including exhibits, is already ninety-eight pages long—much longer than what the federal rules of civil procedure contemplate. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). What is needed is more factual detail. Rather than quoting judicial decisions at length, *see* Compl. at 21–98, Austin needs to explain what each defendant did, and why what it did gives rise to an actionable legal claim. Conclusory statements that lack a factual basis, *see, e.g.*, *id.* at 22–23 ("Plaintiff entered into both express and implied contracts with Organizational Defendants"; "Plaintiff, performed, and did all, and more, than the contract required"; "Defendants failed to perform their duties . . . ."), are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

Because Austin hasn't sufficiently alleged an actionable claim against the financial-company defendants, his case against them cannot proceed at this time.

3. Litigants who initiate lawsuits in federal court must identify the basis for federal subject-matter jurisdiction, *see* Fed. R. Civ. P. 8(a)(1), and federal courts, in addition to screening

complaints under § 1915(e)(2), have an independent duty to confirm that the stated basis for jurisdiction is supported by the allegations, *see Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Austin invokes two forms of federal subject-matter jurisdiction: federal question and diversity. Neither is adequately supported by the allegations in his complaint.

Federal-question jurisdiction is present when one or more legal claims in the complaint "aris[es] under" federal law. 28 U.S.C. § 1331. A claim arises under federal law in two scenarios: (i) when federal law creates the claim asserted, and (ii) when a state-law claim necessarily raises a federal issue that is actually disputed and substantial, and that may be considered by a federal court without disrupting the congressionally approved balance between federal and state courts. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016).

Austin hasn't established that either of these standards is met. All claims enumerated in his complaint (e.g., for breach of contract, negligence, fraud) were created by state law, not federal law. And although he suggests in passing that certain defendants may have also violated federal privacy rules in handling his financial information, *see* Compl. at 21, he hasn't enumerated a legal claim based on those rules, and he hasn't suggested that those rules would necessarily need to be interpreted to resolve his state-law claims. Federal-question jurisdiction is currently lacking.

As for diversity, for this form of jurisdiction to apply the case must be between "citizens of different States" and the amount in controversy must "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). Complete diversity is required to meet the first of these requirements, meaning that "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

Austin, as "[t]he party seeking to invoke the district court's diversity jurisdiction," bears the burden of pleading complete diversity. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). He hasn't satisfied this burden. He names five defendants but includes citizenship allegations for only one of them, Budget. *See* Compl. at 11, 22. And even for Budget, his citizenship allegations are incomplete. Austin must identify the state where Budget is incorporated (which he has done) *and also* the state where Budget has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Without allegations of the latter, and without allegations of

the other defendants' citizenship, Austin cannot satisfy his burden of pleading complete diversity.

On the current record, federal subject-matter jurisdiction hasn't been established.

\* \* \*

The undersigned concludes that Austin's allegations against Budget are frivolous, that his allegations against Bank of America, Capital One, Mastercard, and Visa fail to state a claim for relief, and that his allegations in support of federal subject-matter jurisdiction are insufficient. For these reasons, he cannot currently proceed with litigating his case.

Austin has leave to file an amended complaint, by **October 30, 2020**, to correct the identified shortcomings. If he doesn't file an amended complaint by that date, or if his amended complaint is still deficient, the undersigned will recommend that a district judge dismiss his case.

Austin is encouraged to visit the Northern District of California's website, where he can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: September 17, 2020

ALEX G. TSE
United States Magistrate Judge