1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12
13
14

GEORGE J. AUSTIN,

15              Plaintiff,                    No.  3:20-cv-06229-WHA

16        v.

17   BUGDET RENTAL CAR, INC., et al.,        **ORDER DISMISSING CASE,
                                             VACATING HEARING, AND**
18              Defendant.                   **DENYING MOTION FOR
                                             EXTENSION OF TIME TO FILE**
19

20   _____

21                               **INTRODUCTION**

22        In this breach of contract and insurance case against rental car companies and financial

23   institutions, the magistrate judge granted leave to proceed in *forma pauperis*, dismissed the

24   complaint, but offered leave to amend.  The amended complaint still lacks federal subject-matter

25   jurisdiction.  The suit is **DISMISSED.**

26                               **STATEMENT**

27        *Pro se* plaintiff George Austin filed the instant case in September 2020.  His original

28   complaint alleged quite the set of claims against Budget Rental Car, Inc. ("Budget").  In addition to

United States District Court
Northern District of California

1  breach of contract, the complaint tied Budget to "a very strange pattern of behavior," allegedly

2  masterminding incentivized stalking, one instance of stealing plaintiff's car, and dangerous

3  maneuvers by other drivers directed at plaintiff while on the highway.  Threats of violence

4  culminated in plaintiff being rear-ended at a high speed and even being held at gunpoint (Compl. at

5  12–14).

6      Magistrate Judge Alex Tse granted plaintiff's application to proceed in *forma pauperis* but

7  dismissed also the complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim and for

8  want of federal jurisdiction.  Judge Tse also noted that the "highly unusual" allegations of

9  "vigilantism," stickups at gunpoint, and almost syndicate-like behavior against a well-known rental

10  car company created a narrative "incredible enough to suggest that it is not based on provable

11  facts" (Dkt. No. 5 at 2).

12      Plaintiff declined magistrate-judge jurisdiction on September 18, 2020.  Upon reassignment,

13  and following a barrage of other filings, plaintiff ultimately filed a timely amended complaint.

14  This order now reviews the sufficiency of the amended complaint per 28 U.S.C. § 1915(e)(2).

**ANALYSIS**

16      Without jurisdiction, a federal court cannot hear a suit.  Subject-matter jurisdiction arises

17  when a complaint poses a federal question or if parties are of diverse citizenship.  *See* 28 U.S.C. §§

18  1331, 1332.

19      Federal-question jurisdiction stems from the presence of one or more legal claims in the

20  complaint that "arise under" federal law, that is, (1) the asserted claim finds its origin in federal

21  law, or (2) a state-law claim raises a substantial and disputed federal issue, resolution of which will

22  not disrupt the congressionally approved balance between federal and state courts.  *See* 28 U.S.C. §

23  1331; *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S.___, 136 S. Ct. 1562,

24  1569–70 (2016).

25      Jurisdiction under the first test requires a federal claim for relief.  The amended complaint

26  recites no such claim, so jurisdiction only exists if some substantial dispute of federal law, under

27  the second prong, nonetheless remains.  Because plaintiff cites California decisions applying

28  California law, no federal issue presents itself.  Nevertheless, plaintiff asserts "[i]n *Austin v.*

1    *Budget, et. al.* several plaintiffs' [*sic.*] claims for bringing suit are based in federal law," and he

2    does cite one federal statute, 49 U.S.C. § 30106(b), which refers to financial responsibilities of

3    vehicle owners and business entities that rent motor vehicles (Amd. Compl. at 11, 54).  The

4    section, however, is not the basis of a claim, nor does it create a dispute of federal law within

5    the state claims.  In fact, the statute *emphasizes* that § 30106(b) does not "[supersede] the law

6    of any State," thereby bolstering the complaint-wide invocation of *California* state law.

7         Federal-question jurisdiction failing, diversity jurisdiction requires *complete* diversity

8    between citizens of different states with an amount in controversy that surpasses $75,000.  *See*

9    *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016); *Grancare, LLC v. Mills ex*

10   *rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018); 28 U.S.C. § 1332(a).  For a corporation to be

11   considered a resident of a certain state, its formal site of incorporation and principal place of

12   business must be supplemented with affiliations in that state of so continuous and systematic a

13   nature as to render that corporation "at home" there.  *See Daimler AG v. Bauman*, 571 U.S. 117,

14   139 (2014).

15        Plaintiff's complaint craters because several defendants reside in California, just like plaintiff

16   (Dkt. No. 50).  This order takes judicial notice, via records from the California Secretary of State,

17   "whose accuracy cannot reasonably be questioned," that both UNCLE (CA Entity No. C0331374)

18   and Premier Community (CA Entity No. C0147141) credit unions are California corporations,

19   duplicative with principal locations in Livermore and Stockton, respectively.  *Khoja v. Orexigen*

20   *Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018); *see Business Search*, California Secretary of

21   State, https://businesssearch.sos.ca.gov/ (last accessed Feb. 14, 2021).  Without considering the

22   amount in controversy, § 1332 jurisdiction fails.

23                                          **CONCLUSION**

24        This Court lacks subject-matter jurisdiction and does not address whether the amended

25   complaint states a claim.  The suit is **Dismissed.**  The hearing is **Vacated.**  The motion for

26   extension of time to file is **Denied.**  Leave to amend will not be allowed due to futility.  If plaintiff

27

28

United States District Court
Northern District of California

wishes to pursue this action, he must do so by way of appeal.

**IT IS SO ORDERED.**

Dated: February 16, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE